Ms. Denele Campbell, Director Alliance for Reform of Drug Policy in Arkansas 1155 West Sixth Street PMB A17 Fayetteville, AR 72701
Dear Ms. Campbell:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed initiated act:
 Popular Name The Arkansas Medical Marijuana Act Ballot Title AN ACT WHICH ALLOWS FOR THE MEDICAL USE OF MARIJUANA BY PATIENTS SUFFERING DEBILITATING MEDICAL CONDITIONS (AS DEFINED) WHO HAVE MET THE REQUIREMENTS SET FORTH IN THE ACT; DEFINES THE "MEDICAL USE OF MARIJUANA" AS THE MANUFACTURE, POSSESSION, DELIVERY, OR ADMINISTRATION OF MARIJUANA, INCLUDING PARAPHENALIA USED TO ADMINISTER MARIJUANA; ALLOWS THE PATIENT TO DESIGNATE A PRIMARY CAREGIVER, OTHER THAN HIS/HER PHYSICIAN, TO ASSIST IN THE MEDICAL USE OF MARIJUANA; PROTECTS PHYSICIANS FROM CIVIL PENALTY OR PROFESSIONAL DISCIPLINE FOR ADVISING PATIENTS ABOUT MARIJUANA OR RECOMMENDING IT AS A POTENTIALLY USEFUL AGENT; SPECIFIES PROCEDURES TO BE ADMINISTERED BY THE ARKANSAS DEPARTMENT OF HEALTH BY WHICH A PATIENT AND HIS/HER CAREGIVER MAY OBTAIN IDENTIFICATION CARDS, BY WHICH SECURITY REQUIREMENTS ARE SATISFIED, AND BY WHICH AN APPLICATION DENIAL MAY BE APPEALED; PROTECTS CARDHOLDERS FROM CIVIL PENALTY OR LICENSING DISCIPLINE; SETS LIMITS ON THE AMOUNTS OF USABLE MARIJUANA PERMITTED PER PATIENT AS UP TO FOUR OUNCES AT A LOCATION WHERE MARIJUANA IS NOT PRODUCED AND UP TO SIX POUNDS AT A LOCATION WHERE MARIJUANA IS PRODUCED; ALLOWS AN AFFIRMATIVE DEFENSE TO A PROSECUTION FOR POSSESSION OR MANUFACTURE OF MARIJUANA BY A PERSON WHO HAS BEEN DIAGNOSED WITH A DEBILITATING MEDICAL CONDITION WHO DOES NOT HAVE AN IDENTIFICATION CARD; SPECIFIES THAT POSSESSION OF AN IDENTIFICATION CARD CANNOT SERVE AS PROBABLE CAUSE TO SEARCH A PERSON OR PROPERTY; REQUIRES THAT ANY PROPERTY INTEREST SEIZED FROM A PERSON IN CONNECTION WITH THE MEDICAL USE OF MARIJUANA SHALL NOT BE HARMED OR FORFEITED UNLESS IN CONNECTION WITH A CRIMINAL CONVICTION; DOES NOT PROTECT ANY CARDHOLDER WHO DRIVES UNDER THE INFLUENCE OF MARIJUANA, ENGAGES IN THE MEDICAL USE OF MARIJUANA IN A PUBLIC PLACE, OR DELIVERS MARIJUANA TO ANYONE KNOWN NOT TO POSSESS AN IDENTIFICATION CARD; DOES NOT REQUIRE EMPLOYERS TO ALLOW MEDICAL MARIJUANA USE IN THE WORKPLACE OR REQUIRE HEALTH INSURERS TO REIMBURSE A PERSON FOR COSTS ASSOCIATED WITH THE MEDICAL USE OF MARIJUANA; PROVIDES FOR THE SEVERABILITY OF THE PROVISIONS OF THE ACT; AND ESTABLISHES DATES OF IMPLEMENTATION.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed popular name and ballot title under the above precepts, it is my conclusion that they are sufficient to meet the test set out above. The popular name and ballot title are therefore hereby approved as submitted.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure